## E. E. BLACK, LIMITED, ET AL., *v.* D. L. CONKLING, TREASURER CITY AND COUNTY OF HONOLULU.

### No. 2140.

ARGUED DECEMBER 7, 1934.                    DECIDED JANUARY 11, 1935.

#### COKE, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J..

This is an appeal from the judgment of a circuit judge of the first judicial circuit sitting at chambers, making permanent an alternative writ of mandamus.

On July 26, 1929, the City and County of Honolulu, acting through its mayor and board of supervisors, adopted a resolution authorizing the opening and improvement of a certain tract of land situate within the municipality and designated St. Louis College Heights tract. The tract was in due course opened and the improvements which consisted of public highways were constructed. By statutory provisions the cost of the improvements was assessed against the property benefited and against the owners of such property. The assessments are made a lien on the property. In the event of default in the payment of any installment of principal or interest when it becomes due the treasurer of the city and county is authorized to advertise and sell the property of the owner or owners thus in default at public auction for the whole of the unpaid assessment thereon, interest and costs. He is also required to bid at the sale the amount due on account of such unpaid assessment and if his bid is the highest offer to pay for the property in cash out of the general funds of the city and county and to receive a conveyance of the property in the name of the city and county. On August 15, 1929, the city and county issued eight hundred and twenty-two bonds. With the exception of one, which

is for the sum of $551.26, each of the bonds is in the denomination of $500, the principal being payable August 15, 1938, and the interest semi-annually. They are designated Street Improvement Bonds in the City and County of Honolulu, Improvement District Number Twenty-Nine, Saint Louis College Heights Tract, and six hundred of them are now owned and held in severalty by the petitioners.

It is alleged in the petition and admitted in the answer that the improvement district comprises four hundred and twenty-two lots. It is also alleged and admitted that of this number about four hundred and the owners thereof are delinquent in the payment of their respective assessments and that by reason of these defaults the treasurer of the city and county is without funds to meet the interest on the bonds and that consequently the interest which became due August 15, 1933, has not been paid.

The end sought to be attained by the alternative writ is to procure a judicial mandate requiring the treasurer of the City and County of Honolulu to perform the duties imposed upon him by sections 1867 and 1868, R. L. 1925, so far as the defaulting owners are concerned.

A demurrer which was overruled was interposed to the writ, whereupon the respondent filed an answer. The paragraphs of the answer which do not admit allegations contained in the writ present as affirmative defenses questions of law which will be adverted to later. The circuit judge in the judgment which he entered found upon the entire evidence adduced that all the material allegations set forth in the writ were true; that the number of lots in the district upon which the owners were delinquent in the payment of assessments levied against said lots were three hundred and ninety-two; that the aggregate amount of assessments due and unpaid was $272,602.98, and that the amount in the general fund of the City and County of

Honolulu unappropriated at the present time and available for use by the respondent in the performance of his duties with respect to the bonds held and owned by the petitioners was between $17,000 and $18,000. He also found that further sums which may be available for such purpose will from time to time accrue to and be paid into the general fund of said city and county. The judgment then proceeds as follows: "Therefore, it is considered, ordered and adjudged that said alternative writ of mandamus heretofore issued in said cause be made perpetual, and the clerk of this court is hereby authorized and directed to issue a peremptory writ of mandamus commanding the said D. L. Conkling as treasurer of said City and County of Honolulu, respondent above named, forthwith to proceed to foreclose the lien of the bonds of the City and County of Honolulu, Improvement District Number Twenty-Nine, Saint Louis College Heights Tract, held and owned by said petitioners, upon such lots or portions of said Saint Louis College Heights Tract as to which there is default in the payment of assessments, or the interest thereon, by advertising and selling the same, and at such sale or sales to bid the amount due on account of the unpaid assessment on each lot or portion of said tract so to be sold, and if the bid is the highest offered, to pay for the same out of the general fund of said city and county, and to apply the moneys so realized to the payment of the principal and interest of said bonds; it is hereby further ordered and adjudged that in case said respondent shall become the highest bidder at the sale of any of said lots the owners of which are delinquent as aforesaid he shall pay for the same out of any money then in said general fund of said city and county not appropriated for the ordinary current expenses of said city and county, and that in case the amount thereof at the time of sale shall be insufficient to

pay for all or any of such lots the said respondent shall thereafter if, as and when there shall be any money in said general fund not required and appropriated for the ordinary current expenses of said city and county, use the same for the purpose of paying for as many of said lots not previously paid for by him as said money shall at any time be sufficient to enable him to pay for; it is hereby further ordered and adjudged that said respondent shall hereafter from time to time make further returns to this court reporting his actions in compliance with the foregoing requirements; it is hereby further ordered and adjudged that the said petitioners may from time to time apply to this court for such further and supplementary relief as the circumstances and the law may entitle them to."

In so far as the judgment commands the respondent to foreclose the liens on the property and to bid the amount of the unpaid assessments it is not open to attack. Sections 1867 and 1868, R. L. 1925, unquestionably impose upon the respondent the duty to perform both of these acts. Section 1867 provides: "In case of default in the payment of any instalment of principal and interest when due, the treasurer of the city and county shall advertise and sell the property concerning which default is made, for the whole of the unpaid assessment thereon, interest and costs * * *." Section 1868 provides: "At any sale for default in payment of any assessment as aforesaid, the treasurer of the city and county shall bid for any property so to be sold the amount due on account of such unpaid assessment * * *." The judgment, however, goes further and commands the respondent in the event his bid is the highest to pay the same out of the general fund of the city and county and to apply the moneys so realized to the payment of the principal and interest of the bonds. It is out of this portion of the judgment that the controversy which we are now asked to decide arises.

It is contended by the respondent that without an appropriation by the board of supervisors and without a warrant issued by the auditor he has no authority to use municipal funds for the purpose of purchasing the property of owners who are delinquent in the payment of improvement assessments and that that portion of Section 1868 requiring the treasurer to bid and, if he be the highest bidder, to pay for the property out of the general fund, places the bonds in the category of government bonds and is therefore in conflict with section 55 of the Organic Act. This Act, as amended (44 U. S. Stat. L. Pt. 2, p. 710), provides that the total indebtedness of the City and County of Honolulu shall not exceed five per cent of the assessed value of the property within the municipality.

We are of the opinion that the questions raised by these contentions are prematurely presented. It is not inconceivable that the property owners when confronted with the certainty that their property will be sold unless the assessments are paid will bestir themselves and raise the money necessary to meet their obligations and thus avoid a foreclosure. If, however, the foreclosure does take place it is quite possible that there may be other bidders who will make offers higher than the sum which the respondent is required to bid. Under either of these circumstances the questions submitted to us could not arise and any opinion we might now express upon them would be mere dictum. If subsequent events should render it necessary to have a judicial determination of these questions the judgment of the circuit judge leaves it open to the petitioners to take such supplementary action as the law may entitle them to.

In accordance with this view the judgment of the circuit judge should be amended by eliminating from it the following portions: "* * * and if the bid is the highest

offered, to pay for the same out of the general fund of said city and county, and to apply the moneys so realized to the payment of the principal and interest of said bonds; it is hereby further ordered and adjudged that in case said respondent shall become the highest bidder at the sale of any of said lots the owners of which are delinquent as aforesaid he shall pay for the same out of any money then in said general fund of said city and county not appropriated for the ordinary current expenses of said city and county, and that in case the amount thereof at the time of sale shall be insufficient to pay for all or any of such lots the said respondent shall thereafter if, as and when there shall be any money in said general fund not required and appropriated for the ordinary current expenses of said city and county, use the same for the purpose of paying for as many of said lots not previously paid for by him as said money shall at any time be sufficient to enable him to pay for."

The judgment appealed from is affirmed in part and reversed in part and the cause is remanded with instructions to the circuit judge to amend the judgment in conformity with this opinion.

*A. G. M. Robertson* (*Robertson & Castle* on the brief) for certain petitioners.

*S. B. Kemp* (*Kemp & Stainback* on the brief) for petitioner Liberty Bank.

*W. C. Tsukiyama,* City and County Attorney (also on the briefs), for respondent.